CAUSE NO. 04-15-00068-CV

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

JOHN M. DONAHUE

APPELLANT

V

PERLA DOMINGUEZ AND KEVIN NAKATA

APPELLEES

APPEALED FROM THE 57TH

BEXAR COUNTY, TEXAS

TRIAL COURT NO. 2014-CI-12457

HONORABLE J. SALINAS, JUDGE PRESIDING

APPELLANT'S BRIEF

JOHN M DONAHUE, PRO SE

APPELLANT

DUNCAN UNIT 1895023

1502 SOUTH 1ST ST

DIBOLL, TX 75541

ORAL ARGUMENT IS WAIVED

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 JUL -6 PM 2:14
Keith E. Hottle
KEITH E. HOTTLE, CLERK

NAMES OF PARTIES

APPELLANT

JOHN M DONOHUE, PRO SE

DUNCAN UNIT 1895073

1502 SOUTH 1ST ST

DiBoll, TX 75941


APPELLEE'S TRIAL AND APPELLANT ATTORNEY

FITZPATRICK & KOSANOVICH

MARK KOSANOVICH

P.O. BOX 831121

SAN ANTONIO, TX 78283-1121


APPELLEES

PERLA DOMINGUEZ

KEVIN NAKATA

# TABLE of CONTENTS

NAMES of PARTIES ................................................... i

TABLE of CONTENTS ................................................. ii

INDEX of AUTHORITIES ............................................. iv

STATEMENT REGARDING ORAL STATEMENT ............................ v

STATEMENT of THE CASE

FACTS of THE CASE

I. SUMMARY of THE ARGUMENT ...................................... 3

      TRIAL COURT ERRED IN DISMISSING THE CASE WITHOUT MEANINGFUL

      DISCOVERY.

I. ARGUMENT ....................................................... 3

II. SUMMARY of THE ARGUMENT ..................................... 4

      APPELLEE'S CLAIM THIS CAUSE of ACTION FALLS UNDER THE

      TEXAS TORT CLAIMS ACT (TTCA)

II. ARGUMENT ...................................................... 5

III. SUMMARY of THE ARGUMENT

      INDIVIDUAL CAPACITY AS OPPOSED TO OFFICIAL CAPACITY AND ....... 6

      HOW IT AFFECTS §101.106 (f), TEX. CIV. PRAC. + REM CODE

III. ARGUMENT ..................................................... 6

IV. SUMMARY of THE ARGUMENT ..................................... 7

      SUIT BROUGHT AGAINST GOVERNMENTAL UNIT for

      PURPOSES of §101.106 (f), TEX CIV. PRAC + REM. CODE

IV. ARGUMENT ...................................................... 8

V Summary of the Argument ............................................................. 11

      Violations of Appellant's Rights under the Texas

      Constitution

V Argument ............................................................. 11


VI Summary of the Argument ............................................................. 11

      Trial Court erred in not addressing genuine

      issues of material facts

VI Argument ............................................................. 12


Prayer for Relief ............................................................. 12


Verification ............................................................. 13


Certificate of Service ............................................................. 13

iii

## TABLE OF AUTHORITIES

1. Anderson V Bessman, 365 SW 3d 119, 124 (Tex App - Houston [1 Dist] 2011, No Pet.) ... 8, 9

2. Alamo Downs, Inc. V Briggs, 126 SW 2d 733 (Tex App. San Antonio 1937) ... 10

3. Aabelmenz V Just Brakes, 149 SW 3d 719, 720 (Tex. App - Austin 2004) ... 9

4 Balch Springs V Austin, 315 SW 3d 219 (Tex. App - Houston [1 Dist] 2010) ... 10

5. Best Indus. Uniform V Gulf Coast Alloy, 40 SW 3d 145 (Tex. App - Amarillo 2010 ... 4

6. Brand V Savage, 920 SW 3d 672, 675 (Tex App. Houston - [1 Dist] 1995) ... 5, 11

7. City of El Paso V Floyd, 150 SW 3d 224 (Tex App - Texarkana 2004) ... 4, 10

8. City of El Paso V Heinrich, 284 SW 3d 366 (Tex 2008) ... 6

9. City of Lancaster V Chambers 883 SW 2d 650, 653 (Tex 1994) ... 10

10. Franka V Velsquez, 332 SW 3d 367 (2011) ... 6, 7, 8, 9

11. Houston V Jenkins, 363 SW 3d 808 (Tex App - Houston 2012) ... 10

12. Huntsville V Briggs, 262 SW 3d 39, 39 (Tex App - Waco 2008) ... 6

13. Jamole V Toucht, 673 SW 2d 565 (Tex 1984) ... 4

14. Lopez V Serna, 414 SW 3d 890, 895 (Tex. App - San Antonio 2013, No Pet) ... 8

15. Re SW P; L.P., 193 SW 3d 578 (Tex App. San Antonio 2003) ... 4

16. Vicory V Bills, 557 SW 2d 506 (Tex App - El Paso 1995) ... 12


### Statutes

1. Section 101.106 - Election of Remedies - Tex. Civ Prac + Rem. Code ... 5

2. Subsection 101.106 (f) - Tex. Civ. Prac. + Rem. Code ... 6, 7, 8, 9

3. Chapter 41 - Damages - Tex. Civ. Prac. + Rem Code ... 5, 6

4. Penal Code - Section 12.01 (c) ... 5

5. Article 1, Sections 1, 13 and 19 - Texas Constitution ... 1

## Oral Argument

Appellant waives oral arguments. However, if Appellee requests oral arguments, Appellant asks to be present via tele-conference.

| | | |
|---|---|---|
| JOHN M. DONOHUE | § | IN THE FOURTH DISTRICT |
| APPELLANT | § | |
| V | § | COURT OF APPEALS |
| Perla Dominguez; | § | |
| Kevin Nakata; | § | |
| Appellees - Individually | § | SAN ANTONIO, TEXAS |

APPELLANT'S BRIEF

TO THE Honorable Fourth Court:

COMES NOW, JOHN M DONOHUE, APPELLANT, pro se, AND FILES THIS APPELLANT'S Brief IN THE ABOVE STYLED AND NUMBERED CAUSE, AND will RESPECTFULLY SHOW THE COURT:

## STATEMENT OF THE CASE

APPELLANT FILED A CAUSE OF ACTION ON AUGUST 7, 2014, CLAIMING ASSAULT, AGGRAVATED ASSAULT, FALSE IMPRISONMENT (Illegal RESTRAINT) AND VIOLATIONS OF APPELLANT'S RIGHTS UNDER AMENDMENTS 4, 5, AND 8 OF THE U.S. CONSTITUTION (CR 1); (CHANGED TO VIOLATIONS OF RIGHTS UNDER ARTICLE 1, SECTIONS 9, 13 AND 19 OF THE TEXAS CONSTITUTION (CR 106, 108 - Perla Dominguez AND CR 116, 119 - Kevin Nakata), (After REMOVAL (CR 19) AND REMAND TO THE 57TH Judicial District Court). AND NAMED AS DEFENDANTS, SAN ANTONIO Police DEPARTMENT (NON-SUITE - CR 224), SAN ANTONIO Police Chief, BEXAR COUNTY EMS (NON-SUITED (CR 95, 95, 224), Officer Perla Dominguez AND Officer JOE DOE (CR 63, 13, 98), IDENTIFIED AS KEVIN NAKATA; IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES (CHANGED TO INDIVIDUAL ONLY (CR 71, 106 - Perla Dominguez

(Cont.)

(1)

AND CA117 - KEVIN NAKATA)

APPELLEES FILED MOTIONS TO DISMISS (CR138 - PERLA DOMINGUEZ AND CR153 - KEVIN NAKATA), WHICH WERE HEARD ON JANUARY 8, 2015, IN THE 57TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS MOTION WAS GRANTED WITH PREJUDICE, AND DENIED FINAL (CR200).

APPELLANT FILED INTERLOCUTORY APPEAL ON FEBRUARY 6, 2015 (CR227)

FACTS OF THE CASE

ON AUGUST 7, 2013, APPELLANT CALLED SAN ANTONIO POLICE DEPARTMENT TO HAVE A REPORT FILED CONCERNING PERSONAL PROPERTY. OFFICER PERLA DOMINGUEZ AND OFFICER KEVIN NAKATA WERE SENT TO TAKE THE REPORT. WHILE AT THE SCENE, APPELLANT ALLEGES THAT DOMINGUEZ AND NAKATA ATTACKED APPELLANT WITHOUT CAUSE OR PROVOCATION, CAUSING SERIOUS BODILY INJURY AND PERMANENT SCARRING OF APPELLANTS FOREARMS AND WRISTS (CR23-26). APPELLEES CONSPIRED TO ATTACK AND ILLEGALLY RESTRAIN APPELLANT. APPELLEES WERE RECKLESS, MALICIOUS AND ACTED WITH DELIBERATE AND CONSCIOUS INDIFFERENCE TO APPELLANT'S SAFETY AND WELLBEING. DOMINGUEZ AND NAKATA OPERATED UNDER THE COLOR OF UNIFORM WHEN COERCING AND GAINING APPELLANT'S CONFIDENCE TO FOLLOW THEM UNDER THE PRETENSE OF FILING THE PROPERTY REPORT THEY WERE SENT TO OBTAIN - BUT OPERATED OUTSIDE THE COLOR OF LAW, OUTSIDE THE TEXAS CONSTITUTION AND OUTSIDE ANY OTHER LEGAL AUTHORITY, WHEN THEY JUMPED APPELLANT, THROWING HIM TO THE GROUND, GRABBING, PULLING AND TWISTING APPELLANTS FOREARMS WITH SUCH FORCE THAT APPELLANT'S SKIN WAS TORN, CAUSING GREAT PAIN, BLEEDING AND PERMANENT SCARRING (CR2-6)

(CONT)

APPELLANT WAS WAS TRANSPORTED TO UNIVERSITY HOSPITAL FOR EMERGENCY MEDICAL TREATMENT. BEXAR COUNTY EMS WAS AT THE SCENE OF THE ATTACK, BUT FOR REASONS KNOWN ONLY TO DOMINGUEZ AND NAKATA, APPELLANT WAS TRANSPORTED, HANDCUFFED AND BLEEDING, IN THE BACK OF PERLA DOMINGUEZ'S PATROL CAR, WHICH DELAYED IMMEDIATE CARE THAT EMS COULD HAVE BEEN AT THE SCENE. APPELLANT WAS DROPPED OFF AT THE HOSPITAL WITH NO MONEY AND NO TRANSPORTATION HOME. (CRS THRU 6)

APPELLANT WAS NOT ARRESTED OR CHARGED WITH A CRIME. APPELLEE'S OPERATED OUTSIDE THEIR AUTHORITY AND OUTSIDE THE LAW. (CR 1-8) THE TRIAL COURT ERRED IN GRANTING MOTION TO DISMISS UNDER §101.106(f), TEXAS CIVIL PRACTICE AND REMEDIES CODE (CR 39, 155, 200)


I. SUMMARY OF THE ARGUMENT

THE TRIAL COURT ERRED IN DISMISSING THE CASE WITHOUT MEANINGFUL DISCOVERY AND BY NOT HAVING A COURT REPORTER PRESENT TO RECORD VERBAL TESTIMONY THAT APPELLANT PROVIDED VIA TELECONFERENCE, SO THAT IT WOULD BE AVAILABLE ON APPEAL.


II. ARGUMENT

PERLA DOMINGUEZ FILED ORIGINAL ANSWER ON AUGUST 26, 2014 (CR 16), AND AFTER THE FILING, WAS HOSTILE TO DISCOVERY. KEVIN NAKATA WAS NOT IDENTIFIED UNTIL NOVEMBER 12, 2014 (CR 93) AND FILED HIS ORIGINAL ANSWER AND MOTION TO DISMISS ON DECEMBER 29, 2014 (CR 153) MOTION TO DISMISS WAS GRANTED ON JANUARY 8, 2015 FOR BOTH PERLA DOMINGUEZ AND KEVIN NAKATA. (CR 200). KEVIN NAKATA DID NOT RESPOND TO DISCOVERY REQUESTS, THUS, BETWEEN PERLA DOMINGUEZ'S HOSTILITY AND

(CONT)

(3)

and Kevin Nakata's refusal to respond, Appellant was denied access to Police report (CR 166), witness statements, Hospital records (CR 184), etc., necessary to support Appellant's claims. The purpose of discovery is to "seek" the truth so that disputes can be decided by what the facts reveal, not by what the facts concealed. Jampole v Touchy, 673 SW2d 569, 573 (Tex 1984). Discovery provides parties with notice of intent to present and prevents trial by ambush. Best Industries Uniforms v Gulf Coast Alloys, 41 3d 145 (Tex. App. - Amarillo 2010) and affording parties full discovery promotes the fair resolution of disputes by the judiciary RR Swepi, LP, 103 SW3d 578 (Tex App - San Antonio 2003). In City of Paris v Floyd, the court concluded that the trial court did not abuse its discretion by overruling the motion to dismiss in light of Plaintiff's pleadings and the early stage of the case which showed lack of meaningful discovery. City of El Paso v Floyd, 150 SW3d 224, 229 (Tex. App - Texarkana 2004)

Perla Dominguez admitted in an interrogatory that Appellant had not committed a crime. Further discovery will prove that all of Appellant's claims and allegations are true and correct. This case should be remanded for additional proceedings.

II Summary of the Argument

Appellee's claim Appellant's cause of action falls under the Texas Tort Claims Act (TTCA)(CR 138, 155) and is subject to dismissal under Chapter 101, Section 101.106 - Election of Remedies, Subsection 101.106 (e). 2. The trial court erred in dismissing this action under the Texas Tort Claims Act.

(Cont)

## II ARGUMENT

Appellant's lawsuit is not brought under the Texas Tort Claims Act (TCA). A "tort" is a civil wrong, for which a remedy may be obtained, usually in the form of damages. (Black's Law Dict. 9th ed, 1626) Appellant alleges criminal acts as described and defined under the Penal Code (ch 1), and violations of Appellant's rights under the Texas Constitution (ch 106). A crime is not a tort, (Black's Law Dict., 10th ed) and State and Federal Constitutional claims are not barred by immunity (Brand v Savage, 920 SW 3d 622, 695 (Texas - Houston [1 Dist] 1995).

Section 101.106 is entitled "Election of Remedies" under the Texas Tort Claims Act, and the Act expressly provides that the remedies it authorizes "are in addition to any other legal remedies." Tex. Civ. Prac. + Rem Codes. Appellant seeks remedies under the Penal Code in the form of compensatory claims equal to the amount of the maximum fine for the alleged offense and additional relief under Chapter 41 - Damages, Tex. Civ. Prac + Rem Code. Under the Penal Code, Chapter 12 - Punishment, Section 12.01(c) states, "this chapter does not deprive a court of authority conferred by law... to impose any other civil penalty." (Texas Penal Code, Chapter 12)

The trial court erred in dismissing this suit under Subsection 101.106 (f) and should remand the case for further proceedings.

(Cont)

## III. Summary of the Argument

Appellee's point out the differences and consequences of a suit naming defendants in their individual capacity as opposed to their official capacity (CR 139-140, CR 155-156)

The trial court erred in determining that Appellee's employer could be sued under §101.106(f), Tex Civ Prac & Rem Code, and granting Appellee's motion to dismiss (CR 200)

## IV. Argument

Whether the [governmental] employee is initially sued in their individual capacity is irrelevant. Huntsville v Briggs, 262 SW3d 390, 395 (Tex. App.-Waco 2008) In many cases the complaint will not clearly specify whether the officials are sued personally, in their official capacity, or both. The course of the proceeding in such cases typically indicate the nature of the liability sought to be ~~removed~~ imposed. City of El Paso v Heinrich, 284 SW3d 366 (Tex 2008) Subsection 101.106(f) determines whether a governmental employee is sued in their official capacity and eligibility to be dismissed on their own motion. Vernon's Ann. Tex Civ Prac & Rem. Code, §101.106(f). "Official capacity" defined should not be confused with the common law doctrine of official immunity. Franka v Velasquez, 332 SW3d 367 (Tex 2011). Official capacity is used in the Texas Tort Claims Act as shorthand for the conduct of a governmental employee meeting Section 101.106(f)'s condition: a suit based on conduct within the general scope of the employee's employment [that] could have been brought.... against the governmental unit. Franka @ 383

(cont)

(6)

Official immunity on the other hand, "protects governmental officers from personal liability in performing discretionary duties in good faith within the scope of their authority." Franka @ 393. Even when the plaintiff sues the employee individually, the employee may obtain his or her dismissal under the conditions set out in section 101.106(f). Franka @ 388. Under Texas law, a suit filed against a governmental employee in his or her official capacity is a suit against the governmental employer, with one exception: an action alleging the employee acted _ultra vires_. Franka @ 332. A suit must allege and ultimately prove that the officers acted without legal authority, or failed to perform a purely ministerial duty. Franka @ 332.

Appellant alleges that Perla Dominguez and Kevin Nakata operated outside the scope of their employment and authority and outside the law when they attacked appellant without cause or provocation and unarmed. (CR 1-8, 106-111, 118-125). Dominguez and Nakata have offered no evidence to show that their attack was justified and legal. Dominguez and Nakata did not stop a crime or make an arrest. There are genuine issues of material fact that were not addressed by the trial court. This case should be remanded further proceedings.

IV SUMMARY OF THE ARGUMENT

Appellee's claim that this suit could have been brought against the governmental unit for purposes of §101.106(f), regardless of whether or not immunity is waived and that the holding in Franka not only applies to negligent torts, but intentional torts

(cont)

AS WELL.

IV. ARGUMENT

Appellees cite Anderson v Bessman, 365 SW3d, 119, 124 (Tex App-Houston [1 Dist] 2011, no pet), Franka v Velasquez, 332 SW3d 367, 375 (Tex 2011) and Lopez v Serna, 414 SW3d 890, 895 (Tex App-San Antonio 2013, no pet). In each suit, it was found that the individuals being sued were: 1) an employee of the governmental unit, 2) the suit was within the general scope of their employment, and 3) could have been brought against the governmental unit (i.e. Franka was a medical doctor performing a medical procedure; the suit was within his scope of employment). Franka (2011) became a defining case when the court reversed the previous ruling in Franka, thus disavowing numerous cases that had gone before. In Franka 2011, appellant complained that the suit could not have been brought the governmental unit because immunity had not been waived, therefore, there was no consent to sue so the court held in Franka 2011, that even when the claimant sues the employee individually, the employee may obtain dismissal under the conditions set out in section 101.106 (f). Franka @ 388, and that the tort claims act applies to negligent as well as intentional torts. Lopez v Serna, 414 SW3d 890, 895 (Tex. App- San Antonio 2013, no pet)

§101.106 (f), Texas Civil Practice and Remedies Code states =

"If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and it could have been brought under this chapter against the governmental unit, the suit is considered to

(cont)

(8)

BE AGAINST THE EMPLOYEE IN THE EMPLOYEE'S OFFICIAL CAPACITY ONLY. ON THE EMPLOYEE'S MOTION, THE SUIT AGAINST THE EMPLOYEE SHALL BE DISMISSED UNLESS THE PLAINTIFF FILES AMENDED PLEADINGS DISMISSING THE EMPLOYEE AND NAMING THE GOVERNMENTAL UNIT AS DEFENDANT ON OR BEFORE THE 30TH DAY AFTER THE DATE THE MOTION WAS FILED."

APPELLEE'S CLAIM THAT "A DEFENDANT IS ENTITLED TO DISMISSAL UNDER §101.106(F) UPON PROOF THAT: 1) SUIT IS BASED ON CONDUCT WITHIN THE SCOPE OF THE DEFENDANT'S EMPLOYMENT WITH A GOVERNMENTAL UNIT, 2) SUIT COULD HAVE BEEN BROUGHT AGAINST THE GOVERNMENTAL UNIT UNDER THE TEXAS TORT CLAIMS ACT." ANDERSON V BESSMAN, 365 SW3d 119, 124 (TEX.APP.—HOUSTON[1DIST.] 2011, NO PET)

FOR AN EMPLOYEE'S CONDUCT TO BE CONSIDERED AS BEING WITHIN THE SCOPE OF EMPLOYMENT, AS DEFINED BY THE TTCA, IT MUST BE IN THE PERFORMANCE FOR A GOVERNMENTAL UNIT, OF THE DUTIES OF AN EMPLOYEE'S EMPLOYMENT AND INCLUDES BEING IN AND ABOUT THE PERFORMANCE OF A TASK LAWFULLY ASSIGNED TO THE EMPLOYEE BY COMPETENT AUTHORITY. ANDERSON @ 125. THE EMPLOYEE MUST SHOW HE ACTED: 1) WITHIN THE GENERAL AUTHORITY GIVEN TO THE EMPLOYEE; 2) IN THE FURTHERANCE OF THE EMPLOYERS BUSINESS, AND 3) FOR THE ACCOMPLISHMENT OF THE OBJECTIVE FOR WHICH THE EMPLOYEE WAS EMPLOYED. ANDERSON V JUST BRAKES, 142, SW 3d 717 (TEX APP. AUSTIN 2004) IF THE EMPLOYEE MEETS THESE REQUIREMENTS AND THE SUIT COULD HAVE BEEN BROUGHT AGAINST THE GOVERNMENTAL UNIT, THE SUIT IS IN THE EMPLOYEE'S OFFICIAL CAPACITY ONLY AND IS SUBJECT TO DISMISSAL. SEE §101.106(F), TEX CIV. PRAC & REM. CODE. IF THIS CANNOT BE ESTABLISHED, THEN THE GOVERNMENT HAS NOT CONSENTED TO SUIT, AND THE PLAINTIFF'S CLAIMS AGAINST THE EMPLOYEE INDIVIDUALLY MUST PROCEED. FRANKA @ 363.

(CONT)

An employee may also claim entitlement to the affirmative defense of official immunity. Official immunity is not presumed, it is an affirmative defense that must be proven. Houston v Jenkins, 363 SW3d 818 (Tex. App.- Houston 2010) An employee seeking the affirmative defense of official immunity must prove, without dispute and as a matter of law, that when the event occurred, he or she was: 1) Performing a discretionary act requiring thought and deliberation, 2) Acting in good faith, 3) Acting within the scope of their employment, and 4) that the general act from which the harm arose was in the accomplishment of the objective for which they were employed. See City of Lancaster v Chambers, 883 SW2d 650, 653 (Tex 1994); Balch Springs v Austin, 315 SW3d 219 (Tex App - Houston [1 Dist] 2010)

Appellee's cannot satisfy the first prong of §101.106(f), they operated outside the law and outside their authority they are not entitled to official immunity; they did not operate in good faith or in the furtherance of their employers business. When an officer exceeds the bounds of reasonableness, good faith cannot be shown and the officer will not enjoy official immunity. City of El Paso v Floyd, 150 SW3d 224,229 (Tex App - Texarkana 2004)

In the accusation of assault, assault and battery and false imprisonment, where arrest and detention are indicated, the burden of proof shifts to the one seeking to justify such acts and to show them legal. Alamo Downs, Inc. v Briggs, 106 SW2d 733, (Tex. Civ. App - San Antonio 1937)

This case should be remanded for further proceedings so that appellee may show their acts to be justified and

LEGAL.

V. SUMMARY OF THE ARGUMENT

THE TRIAL COURT ERRED IN NOT ADDRESSING ALLEGATIONS OF VIOLATIONS OF APPELLANT'S RIGHTS UNDER THE TEXAS CONSTITUTION.

V. ARGUMENT

STATE AND FEDERAL CONSTITUTIONAL CLAIMS ARE NOT BARRED BY IMMUNITY. BRAND V SAVAGE, 920 S.W.3d 672, 675 (TEX. AP-HOUSTON [1 DIST] 1995). MONEY DAMAGES CANNOT BE AWARDED FOR VIOLATIONS OF THE TEXAS CONSTITUTION, BUT INJUNCTIVE RELIEF IS AVAILABLE. 896 S.W.2d 143, 149 (TEX 1995). APPELLANT ALLEGES THAT PAULA DOMINGUEZ AND KELVIN NAKATA VIOLATED APPELLANT'S RIGHTS UNDER ARTICLE 1, SECTION 9, 13 AND 19 OF THE TEXAS CONSTITUTION AND THAT THEY ACTED OUTSIDE THE LAW AND OUTSIDE THE SCOPE OF THEIR AUTHORITY. APPELLANT ASKED THE TRIAL COURT TO IMPOSE SANCTIONS ON THE TWO, OR ANY OTHER ACTION THE COURT DEEMS JUST AND EQUITABLE.

THIS CASE SHOULD BE REMANDED FOR FURTHER PROCEEDINGS SO APPELLEE'S CAN SHOW THAT THEY ARE NOT IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE TEXAS CONSTITUTION.

VI SUMMARY OF THE ARGUMENT

THE TRIAL COURT REFUSED TO ADDRESS GENUINE ISSUES OF MATERIAL FACTS.

VI. ARGUMENT

THE STANDARD OF REVIEW ON APPEAL IS WHETHER

THE SUCCESSFUL MOVANT AT THE TRIAL COURT LEVEL CARRIED OUT ITS BURDEN OF SHOWING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND THE JUDGEMENT SHOULD BE GRANTED AS A MATTER OF LAW. VICORY V BILLS, 599 SW2d 506, 508 (TEX. APP.-EL PASO 1995) THUS, THE QUESTION ON APPEAL IS NOT WHETHER THE SUMMARY JUDGEMENT PROOF RAISES THE FACT ISSUE AS TO REQUIRED ELEMENTS OF THE MOVANTS CAUSE OR CLAIM, BUT WHETHER THE SUMMARY JUDGEMENT PROOF ESTABLISHES, AS A MATTER OF LAW, THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO ONE OR MORE ELEMENTS OF THE MOVANTS CAUSE OR CLAIM. ID @ 508. SUMMARY JUDGEMENT IS NOT THE APPROPRIATE MEANS BY WHICH TO RESOLVE PRESENTED FACTUAL CONFLICT. ID @ 508.

APPELLEES HAVE RESPONDED TO APPELLANTS CLAIMS AND ALLEGATIONS WITH ONLY GENERAL DENIAL AND CLAIMS OF IMMUNITY. THIS CASE SHOULD BE REMANDED FOR FURTHER PROCEEDINGS CONCERNING GENUINE ISSUES OF MATERIAL FACTS.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT RESPECTFULLY PRAYS THAT THE HONORABLE COURT WILL CONSIDER APPELLANTS PLEADINGS AND REMAND THIS LAWSUIT FOR FURTHER PROCEEDINGS.

RESPECTFULLY SUBMITTED

John M Cohran, pro se

DUNCAN UNIT 1895023

1502 SOUTH 1ST ST

D. BOLL, TX 75841

Verification

I, JOHN M DONOHUE, UNDER PENALTY OF PERJURY, VERIFY AND DECLARE THAT THE foregoing Appellant's Brief IS TRUE AND CORRECT.

EXECUTED ON THIS 30TH DAY OF JUNE, 2015.

John M Donohue, pro se

Certificate of Service

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE foregoing Appellant's Brief HAS BEEN SENT VIA 1ST CLASS U.S. MAIL ON THIS THE 1ST DAY OF JULY, 2015, TO:

1. Perla Dominguez AND Kevin NAKATA, C/O MARK Rosencovici SBN 09780754, P.O. BOX 831121, SAN ANTONIO, TX 78283-1121

John M Donohue, pro se
DUNCAN UNIT 1898077
1502 South 1st St
Diboll, TX 75841